IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



QUINTEN D. PARRISH,

    Petitioner,

v.                                                            Civil Action No. 3:16CV817

DAVID W. ZOOK,

    Respondent.

## MEMORANDUM OPINION

Quinten D. Parrish, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Suffolk, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 10.) Parrish has filed a Response. (ECF No. 13.) For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

Parrish was convicted in the Circuit Court of first degree murder, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. (ECF No. 11, at 1.) The Circuit Court sentenced Parrish to life plus ten years of imprisonment. (*Id.*) Parrish appealed. (*Id.*) On October 25, 2000, the Court of Appeals of Virginia dismissed his appeal. (*Id.*)

### A. State Habeas

On November 27, 2000, Parrish filed a petition for a writ of habeas corpus with the Circuit Court wherein he sought a delayed appeal. (*Id.* at 1–2.) On December 4, 2001, the Circuit Court dismissed the petition. (*Id.* at 2.)

### B. Motions to Vacate

On May 18, 2012, Parrish filed a Motion to Vacate in the Circuit Court. Motion to Vacate 1, *Commonwealth v. Parrish*, No. CR98F00329 (Va. Cir. Ct. filed May 18, 2012).[1]

On September 14, 2014, Parrish filed a Motion to Vacate Void Judgment in the Circuit Court. Motion to Vacate Void Judgment 1, *Commonwealth v. Parrish*, Nos. CR98F00329, CR98F00325, CR98F00330 (Va. Cir. Ct. filed Sept. 14, 2014). By Order entered on September 25, 2014, the Circuit Court denied the Motion to Vacate Void Judgment. *Commonwealth v. Parrish*, Nos. CR98F00329, CR98F00325, CR98F00330 (Va. Cir. Ct. Sept. 25, 2014).

Parrish appealed the denial of his Motion to Vacate Void Judgment. (ECF No. 11-4, at 1.) On June 23, 2015, the Supreme Court of Virginia, citing Supreme Court of Virginia Rule 5:17(c)(1)(iii), dismissed the appeal. (*Id.*) The Supreme Court noted that Parrish's assignments of error failed to address the Circuit Court's ruling from which an appeal was sought as to three assignments of error, and the Supreme Court refused the fourth assignment of error. (*Id.*)

### C. § 2254 Petition

On September 1, 2016, Parrish filed his § 2254 Petition with this Court. (§ 2254 Pet. 16.)[2] In his § 2254 Petition, Parrish asserts the following claims for relief:

---

[1] Because Parrish wrote the wrong case number on this motion, the Court employs the case number of the Circuit Court's judgment which Parrish sought to attack and that was attached to the Motion to Vacate. The record does not reveal whether the Circuit Court explicitly denied the May 18, 2012 Motion to Vacate.

2

Claim One "Conviction obtained in violation of the Due Process [Clause] of the U.S. Constitution, Fourteenth Amendment where my guilty plea [was] induced by an agreement not fully disclosed to the court prior to the court's acceptance of the plea rendering it involuntary and therefore void." (*Id.* at 6.)

Claim Two "Conviction obtained in violation of the Due Process Clause of the U.S. Constitution, Fourteenth Amendment because the trial judge lacked the authority to allow the Commonwealth Attorney to move to [nolle] process charges after sentencing . . . ." (*Id.* at 8.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Parrish's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] This is the date the Parrish swears he gave the § 2254 Petition to prison officials for mailing to the Court and the date the Court deems the § 2254 Petition filed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court corrects the capitalization and punctuation in the quotations from Parrish's submissions.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

The Court of Appeals of Virginia dismissed Parrish's appeal on October 25, 2000. Parrish's judgment became final on Friday, November 24, 2000, when the time to pursue an appeal to the Supreme Court of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:14(a) (requiring that, in appeals from the Court of Appeals of Virginia to the Supreme Court of Virginia, the notice of appeal must be filed within thirty (30) days). The limitation period began to run on November 25, 2000 and ran for two (2) days until Parrish filed his state habeas petition on November 27, 2000. *See* 28 U.S.C. § 2244(d)(2)

### C. Statutory Tolling

The limitation period remained tolled until December 4, 2001, when the Circuit Court dismissed the state petition for a writ of habeas corpus. At that time, Parrish had only 363 days remaining of the federal limitation period. Therefore, Parrish needed to file his § 2254 Petition by Monday, December 2, 2002, for it to be filed within the limitation period. Nevertheless, Parrish failed to file his § 2254 Petition until September 1, 2016, more than a decade after the limitation period expired. Thus, the statute of limitations bars Parrish's § 2254 Petition.[3]

---

[3] Neither Parrish nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)–(D).

Parrish vaguely suggests that his § 2254 Petition is timely because he filed it within one year of the Virginia courts having addressed his Motion to Vacate. (§ 2254 Pet. 14–15.) However, the Motion to Vacate had no impact on the running of the statute of limitation because Parrish filed it years after the limitation period expired. *See Deville v. Johnson*, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Undeterred, Parrish contends that his § 2254 Petition is timely because he is entitled to equitable tolling of the limitation period. As explained below, Parrish's arguments in this regard lack merit.

### D. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)). As explained below, Parrish has not demonstrated that an extraordinary circumstance prevented him from filing his § 2254 Petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding

5

the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). Instead, the record shows that Parrish's lack of diligence led to the delay in filing his § 2254 Petition.

Initially, Parrish contends that the Court should toll the limitation period because he did not have the assistance of counsel after the conclusion of his direct appeal. (ECF No. 13, at 3.) Ignorance of the law and lack of legal assistance upon the conclusion of direct appeal are not extraordinary circumstances that warrant the tolling of the limitation period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Next, Parrish contends that the Court should toll the limitation period because he did not have access to the transcripts from his criminal case. "[T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002). Parrish fails to demonstrate that lack of access to his transcripts prevented him from setting forth in summary form the facts that support his claims. *See O'Neill v. Dir., Virginia Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *4 (E.D. Va. Aug. 9, 2011) (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *United States v. Butler*, 178 F. App'x 327, 327 (4th Cir. 2006); *Weibly v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002)).

Finally, Parrish makes the opaque argument that because he is challenging the Circuit Court's subject matter jurisdiction, the federal statute of limitations does not apply because in the

6

Virginia courts "a void judgment can be attacked at any time, and in any manner...." (ECF No. 13, at 3.) "To the extent that [Parrish] suggests that claims asserting a void judgment for lack of jurisdiction are not subject to the federal statute of limitations pertaining to 28 U.S.C. § 2254 petitions, he is wrong." *Jones v. Virginia*, No. 3:14CV343–HEH, 2015 WL 4223270, at *4 (E.D. Va. July 10, 2015) (citation omitted), *appeal dismissed*, 623 F. App'x 99 (4th Cir. 2015); *see Baines v. Watson*, No. CIV.A. 3:08CV459, 2009 WL 1209044, at *3 (E.D. Va. May 1, 2009) (citations omitted).

Because Parrish fails to demonstrate any basis for tolling the limitation period, the action will be DISMISSED as barred by the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Parrish's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: May 31, 2017
Richmond, Virginia