IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



QUINTEN D. PARRISH,

Petitioner,

v.   Civil Action No. **3:16CV817**

DAVID W. ZOOK,

Respondent.

## MEMORANDUM OPINION

Quinten D. Parrish, a Virginia state prisoner proceeding *pro se*, brought this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Suffolk, Virginia ("Circuit Court"). By Memorandum Opinion and Order entered on May 31, 2017, the Court dismissed the actions as barred by the relevant statute of limitations. (ECF Nos. 19, 20.) On June 19, 2017, the Court received from Parrish a "MOTION FOR RELIEF FROM JUDGMENT" (hereinafter, "June 19 2017 Motion"). (ECF No. 22.) On June 28, 2017, the Court received from Parrish a "MOTION FOR LEAVE TO ADD/AMEND ADDITIONAL CLAIMS" (hereinafter, "June 28, 2017 Motion"). (ECF No. 26.) Because the motions were submitted within twenty-eight (28) days of the entry of the May 31, 2017 Memorandum Opinion and Order, they will be treated as motions for relief under Federal Rule of Civil Procedure 59(e), even though Parrish seeks to invoke Rule 60(b)(6). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his June 19, 2017 Motion, Parrish complains that, while the action was pending, he was transferred to a different prison in the United States District Court for the Western District of Virginia. Parrish asserts that such a transfer violates Federal Rule of Appellate Procedure 23. While the Virginia Department of Corrections may have violated Rule 23 in transferring Parrish, that action is not relevant to whether the Court committed an error of law in dismissing his § 2254 Petition as barred by the statute of limitations. *See Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982) (affirming dismissal of habeas petition, despite respondent's violation of Rule 23).

In his June 28, 2017 Motion, Parrish asks the Court to reconsider its dismissal of his § 2254 Petition as barred by the statute of limitations in light of the fact that he is not smart and may have brain damage. Only in instances of "profound mental incapacity" will the Court apply equitable tolling. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). Moreover, to prove entitlement to equitable tolling, Parrish "'must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition.'" *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (alteration in original) (quoting *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)). Here, Parrish's limited allegations regarding his mental health fail to demonstrate his incompetency. *Id.* & n. 13 (citing cases for the proposition that "a bare assertion that a petitioner suffers from some mental

impairment, 'without more, is insufficient to justify equitable tolling'" (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005))). Moreover, Parrish's submissions before this Court and the state courts demonstrate that his purported mental condition did not prevent him pursuing a federal habeas petition in a timely manner. *See Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001). As Parrish fails to demonstrate any basis for relief under Rule 59(e), his Motions (ECF Nos. 22, 26) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: July 31, 2017
Richmond, Virginia